IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**VIVIAN CRUTCHFIELD,**

    **Plaintiff;**

                                              **Case No.:  5:19-cv-11-TBR**

vs.

**THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,**

    **Defendant.**

## COMPLAINT

COMES NOW Plaintiff, Vivian Crutchfield (hereinafter "**Plaintiff**" or "**Ms. Crutchfield**"), by and through her attorneys, and for her Complaint against Defendant, The Prudential Insurance Company of America (hereinafter "**Defendant**" or "**Prudential**"), states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Toyota Boshoku America, Inc.'s Long-Term Disability Plan and corresponding insurance policy (**Group Policy No.: 45816**) (hereinafter the "**Plan**" and the "**Policy,**" respectively); which was (and is) underwritten, administered and/or managed by Prudential for the benefit of certain employees of Toyota Boshoku America, Inc. (hereinafter "**Toyota**"). In addition, this action may be brought in this Court pursuant to 28

U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Prudential Claim No.: 11754119**.

3. Venue is proper in the Western District of Kentucky, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. A substantial part of the events, transactions, and occurrences material to Ms. Crutchfield's claim for disability took place within the Western District of Kentucky.

5. At all times relevant hereto, Ms. Crutchfield was an "employee" of Toyota, that being her "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). Plaintiff worked as an operator in the production department; however, due to her established disability, she last worked there on or about April 15, 2013.

6. At all times relevant hereto, Toyota was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Defendant Prudential was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan and under the Policy; alternatively, or in addition, Prudential was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record and therefore alleged that Prudential has a financial conflict of interest/bias, since it is the ultimate decision-maker (claims

administrator, claims-review fiduciary, and/or claims fiduciary) and the payer/funding source for any benefits.

8. At the times relevant hereto, Defendant Prudential acted as agent for the Plan and for Plan Sponsor/Plan Administrator Toyota.

9. Under the Plan and/or Policy, Toyota delegated or assigned to Defendant Prudential the claims–fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. According to Prudential, the Plan/Policy provided that, after the first 24 months of benefits being payable, the analysis of the term "Disability" turns on whether due to sickness or injury Plaintiff is "unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Plaintiff is 60 years old, and her date of birth is in June, 1958.

15. Plaintiff was employed by Toyota as an operator in the production department. When she last worked for Toyota, she was earning wages of approximately $13.67 per hour.

16. Owing to her established medical disability, Ms. Crutchfield's last day of work was on or about April 15, 2013.

17. The medical conditions that form the basis for Plaintiff's disability are multi-faceted and include the following: chronic pain, low back pain, and pain with tingling down her legs; lumbar degenerative disc disease; spinal stenosis; radiculopathy; migraines; and depression.

18. Since she could no longer perform her work at Toyota, Ms. Crutchfield applied for and received short-term disability ("STD") benefits, through and approved by Prudential. The STD benefits ran for six months.

19. After that, her medical condition not having improved, and based on her employment at Toyota, Ms. Crutchfield was eligible and applied for LTD benefits, this also through Prudential. LTD benefits were paid for two years, from October 12, 2013 through October 11, 2015.

20. At that time, however, Prudential terminated further benefits. The initial denial letter was dated September 4, 2015.

21. Prudential later overturned its decision to deny LTD benefits after Plaintiff, with the assistance of undersigned counsel, successfully appealed the original decision. LTD benefits were reinstated and ran through December 16, 2017. However, Prudential then again terminated benefits.

22. Despite due appeal(s) by or on behalf of Plaintiff, Defendant Prudential has continued to deny LTD benefits. The final denial letter was dated October 1, 2018.

23. Any and all applicable insurance–policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

24. Plaintiff has filed or caused to be filed notice(s) or proof(s) of claim or loss, and performed any and all other conditions precedent to recovering benefits, under the Plan/Policy for the losses claimed herein.

25. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical provider(s), who have confirmed her continuing inability to work.

26. Also, Ms. Crutchfield has been found to qualify for Social Security disability (SSD) benefits. By Notice of Award dated June 5, 2018, Ms. Crutchfield was found disabled by the Social Security Administration (SSA)—effective as of April 15, 2013. This independent, freestanding determination by the federal government is part of the Administrative Record here, and it is persuasive evidence of disability in this case.

27. Under any ERISA standard of review that may apply[1], the position taken by Prudential in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The "Any Occupation" review, analysis and decision by Prudential were wrong, as well as arbitrary and capricious, under the circumstances presented.

---

[1] Plaintiff respectfully reserves all points and arguments regarding what will be the proper Prudential of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

28. Further, Prudential's denial of benefits must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

29. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. She is also entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same.

30. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

31. Plaintiff realleges and reavers paragraphs 1 through 30 of the Complaint, incorporating them by reference herein as if specifically restated.

32. Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq*., as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA. This count is intended to cover all cause(s) of action that are available to a Plan participant under 29 U.S.C. § 1132(a); this to include — provided applicable and necessary to afford complete relief — a cause of action for breach of fiduciary duty.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A.  That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B.  That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

C.  That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

D.  That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled

---

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 444-445 (2011).

by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer–sponsored retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded;

  E. That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits; in sufficient detail so that Plaintiff may ascertain that her benefits are being paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise being paid;

  F. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

  G. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise, to amend or supplement this lawsuit based on additional facts or circumstances not now reasonably apparent, or to be revealed by any discovery to be conducted herein; and/or to add

---

[3] *See, Curtis v. Lincoln Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 5<u>TH</u> day of January, 2019.

**Respectfully Submitted,**

CODY ALLISON & ASSOCIATES, PLLC

/s/ K. Cody Allison
K. Cody Allison, *Ky. Bar No. 97985*
Parkway Towers
404 James Robertson Pkwy, Ste. #1623
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com